WILLIAM S. PETTEE v. CHARLES P. NOYES and Others.[1]

May 19, 1916.

Nos. 19,791—(103).

**Master and servant — operation of passenger elevator by apprentice not illegal.**

Plaintiff's minor son, 18 years of age, entered the service of defendants as a student elevator operator with a view to employment as such operator when he became qualified; he was placed at work under the direction of the regular operator, and continued therein for about two weeks when he was injured; at the time of his injury he was operating the elevator alone and, in the absence of his instructor, had been so operating it for several days; he was not a licensed operator as required by section 1432, G. S. 1913, but was under the apprenticeship stated. It is *held*:

(a) That the relation of master and servant existed between the parties rendering the Workmen's Compensation Act applicable.

(b) That the employment was not illegal, as a violation of the statute requiring elevator operators to be licensed.

(c) That under the facts stated in the opinion the relation of master

[1]Reported in 157 N. W. 995.

Note.—On Workmen's Compensation Acts generally see note in L.R.A. 1916A, 23.

and servant was not interrupted by the act of the employee in operating the elevator in the absence of his instructor.

Action in the district court for Ramsey county to recover $10,000 for injury received by plaintiff minor while upon the premises of defendants. The answer set up a settlement between the parties made under the provisions of the Workmen's Compensation Act. The case was tried before Brill, J., who granted defendant's motion to dismiss the action. From the order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Duxbury & Pettijohn,* for appellant.

*Bracelen & Cronin,* for respondents.

BROWN, C. J.

Plaintiff's son, 18 years of age, entered the service of defendants, intending thereunder to become an operator of an electric passenger elevator located in defendants' place of business. He was without previous experience in that line of employment, was not licensed for that occupation as required by section 1432, G. S. 1913, and defendants placed him in charge of a regular operator of the elevator to qualify him for the work. He thus became an apprentice, and remained under the tutelage of the instructor for a week or more, and thereafter operated the elevator in his absence. On May 19, 1914, after about two weeks of this service and when he was engaged in operating the elevator alone, he received the injury for which recovery is sought in this action. It appears that he ran the elevator to a particular floor at which he opened the door and stepped out to go upon some errand in another part of the building. He left the door open intending to return immediately. During his absence the elevator was by some one removed to another floor, leaving the door to the shaft standing open. On his return, supposing the elevator still in position, he stepped into the open door and fell down the shaft, and was injured. Thereafter, on July 2, 1914, the parties, the injured party acting in his own behalf, settled and adjusted the compensation for which defendants were liable under the Workmen's Compensation Statute, which was presented to and approved by the district court. The settlement so made and approved by the district court was in all things in conformity with the provisions of that statute, and was subsequently

complied with by defendants. Thereafter plaintiff, the father and natural guardian, treating the settlement in the compensation proceedings as a nullity, brought this action for the injuries to his son, alleging that they were caused by the negligence of defendants. Defendants interposed in defense, in addition to a denial of the allegations of negligence, the settlement in the compensation proceedings and a compliance therewith by them. At the trial, upon these facts appearing, the court dismissed the action on the ground that the rights of the parties were governed and controlled by the compensation statute, and that the settlement thereunder was valid and binding upon plaintiff. Plaintiff appealed from an order denying a new trial.

The question involved on the appeal is whether the relation of master and servant existed between defendants and plaintiff's son at the time of his injury. If it did the trial court was entirely right in dismissing the action, for there is no claim that the settlement proceedings were irregular or not in compliance with the compensation statute. Plaintiff's sole contention is that the relation of master and servant did not exist between the parties, because of the fact that the employment was illegal, since the young man was not licensed and was prohibited by law to operate the elevator without a license; hence that the compensation statute has no application and the proceeding thereunder was wholly void.

The young man entered the service of defendants as an apprentice, and for the purpose of qualifying himself for the operation of the elevator. He occupied a position similar to that of a student brakeman in the service of a railroad company, and was an employee within the meaning of the law. Rief v. Great Northern Ry. Co. 126 Minn. 430, 148 N. W. 309. There is no suggestion in the record that the situation was ever changed during the two weeks of service, or that defendants entered into any new arrangement as to the extent of the service to be rendered by the young man. No claim is made that he was employed formally to operate the elevator without assistance, and for aught that is shown he continued in his apprenticeship up to the time he was injured. In this situation it is quite clear that the relation of master and servant, coming into existence when the young man first entered the service, was not brought to an end or interrupted by his act in operating the elevator

in the absence of his instructor. On the contrary the original relation presumptively continued and would continue for a reasonable time or until changed by some agreement of the parties, express or implied. Benson v. Lehigh Valley Coal Co. 124 Minn. 222, 144 N. W. 774, 50 L.R.A.(N.S.) 170; 1 Dunnell, Minn. Dig. § 3438. It does not appear that defendants treated him as fully qualified for the service, or that they had authorized him to operate the elevator alone. The question whether he was employed without a license as required by section 1432, G. S. 1913, therefore, disappears, and we need not consider whether a contract of employment without such license would be so far unlawful as to justify the court in holding that, by reason of the taint of illegality, the relation of master and servant could not exist for any purpose. Hughes v. Atlanta Steel Co. 136 Ga. 511, 71 S. E. 728, 36 L.R.A.(N.S.) 547, Ann. Cas. 1912C, 394. In view of the facts here presented the license was unnecessary, the employment was legal and created the relation of master and servant, rendering the compensation statute applicable.

This disposes of the case, though we may add in conclusion that section 34, p. 692, of the compensation act (section 8230, G. S. 1913), by which the statute is made applicable to minors "who are legally permitted to work under the laws of the state," was intended to exclude from the statute minors whose employment is prohibited by law. Sections 3848, 3871, G. S. 1913. Plaintiff's son was not in this class. He lawfully could be employed in this sort of work, if qualified and possessing the necessary license.

Order affirmed.