HILDING WESTERLUND v. KETTLE RIVER COMPANY.[1]

May 18, 1917.

Nos. 20,323—(138).

**Workmen's Compensation Act — minors legally at work.**

1. The clause, "minors who are legally permitted to work under the laws of the state," as found in paragraph 2 of subdivision g of section 8230 of the Workmen's Compensation Act, construed and *held* to have been intended by the legislature to exclude from the act minors whose employment is prohibited by law.

**Same — employment of plaintiff illegal.**

2. The employment of plaintiff in the work in which he was engaged at the time he was injured, as set forth and described in the complaint, was prohibited by sections 3848 and 3870, G. S. 1913.

**Same — construction of clause.**

3. The concluding clause of those sections, following the enumeration of certain prohibited employments, *held* to include employments which are dangerous to the life and limb of the minor, though not similar in character to the class of work there specifically enumerated.

**Same — act valid.**

4. As so construed the statute is not unconstitutional, as leaving the basis of the prohibition, namely, the dangerous character of the work, to doubt or uncertainty.

Action in the district court for Pine county by the guardian *ad litem* of plaintiff minor, to recover $50,000 for personal injuries received while in defendant's employ. From an order, Nethaway, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*S. G. L. Roberts* and *Randolph Laughlin,* for appellant.

*Arctander & Nordbye,* for respondent.

[1]Reported in 162 N. W. 680.

Brown, C. J.

Common law action by a minor through his guardian to recover for injuries to his person, caused by the alleged negligence of defendant. It appears from the complaint that defendant is a corporation engaged in operating stone quarries at or near the village of Sandstone, and therein cutting, trimming and shaping stone taken from the quarries for commercial uses and for sale on the market. Plaintiff, of the age of 14 years and 4 months, was in defendant's employ, performing certain services and labor in and about the quarries, and while engaged in his work received the injuries of which he complains, and for which recovery is sought in this action. Defendant interposed a general demurrer to the complaint, contending in support thereof that from the facts stated in the pleading plaintiff's remedy is under the Workmen's Compensation Statute, and that he cannot recover in this form of action. The trial court overruled the demurrer, certifying that the question presented was important and doubtful, and defendant appealed.

The question whether plaintiff's remedy is exclusively under the compensation statute depends: (1) Upon the construction to be given section 8230, G. S. 1913, wherein the legislature expressly declared what persons should be treated as within the compensation statute as employees; and (2) the scope and effect of sections 3848 and 3870, G. S. 1913, by which the employment of minors between the ages of 14 and 16 years is prohibited in the classes of work there stated.

1. The section of the compensation statute referred to provides that the term "employee" shall include, among others, "minors who are legally permitted to work under the laws of the state." We are satisfied that this language will permit of no construction other than as stated in Pattee v. Noyes, 133 Minn. 109, 157 N. W. 995, namely, that the legislature intended thereby to exclude from the act minors whose employment is prohibited by law. This is made too clear for controversy when viewed in the light of the legal rights of minors in this state, and of our statutes affecting such rights, known as "Child Labor Laws." In the absence of legislation to the contrary all minors may lawfully engage in such employments or work as their age and capacity fit them, and in this respect are "legally permitted" to work, though their contracts, except as to necessities, are voidable at their election. In fact we have no statute express-

ly permitting the employment of minors, and the use of the words "legally permitted to work" was not intended as a reference to permissive legislation. But we have statutes, and have had for many years, known as the Child Labor Laws, by which the employment of minors of certain age is expressly prohibited in specified classes of employment, deemed detrimental to their moral welfare and dangerous to their life or limb. And in making use of the language quoted it is apparent that the legislature intended to preserve the *status* of minors in respect to their employment in dangerous occupations, and to remove them from the compensation act when employed in violation of law. No other construction of the statute can be adopted that would not be in discord with our whole legislative policy upon the subject. This view is sustained by other courts. Stetz v. F. Mayer Boot & Shoe Co. 163 Wis. 151, 156 N. W. 971; Stephens Dudbridge I. Co. 2 K. B. (1904) 225; Hetzel v. Wasson Piston R. Co. (N. J.) 98 Atl. 306. It follows that the compensation act can have no application to the case of an injured minor who was employed in violation of any of the Child Labor Laws of the state.

2. We turn then to the second question, namely, whether plaintiff's employment was in violation of any such laws. We answer the question in the affirmative. Plaintiff was just over 14 years of age at the time of his injury. The facts with reference to the character of his work, and the place where it was performed, are stated in the complaint substantially as follows: Defendant's plant covers several acres of land, upon which are located necessary buildings, stone crushers, coal sheds, hoisting derricks, stationary engines; the operating yard is traversed by railroad tracks, upon which defendant operates engines and cars in the movement of material in and about the works. At and near one of the tracks three large hoisting derricks are located, all equipped with necessary machinery and appliances, and operated by stationary engines. These derricks are used in loading heavy material upon cars to be carted out of the plant either for shipment or to be dumped outside thereof as waste material. The material is referred to in the complaint as "spalls." The work of loading the spalls is described at some length in the complaint, not necessary here to repeat, but it is shown by the averments to be attended with danger to the workmen, particularly and especially

to young boys of the age of plaintiff. Plaintiff was employed in that work and also in connection with the movement of cars about the loading platform. He was injured by being run over by a car being shunted down the track leading to the loading department, the brakes upon which were either defective or out of repair, and which plaintiff was attempting to stop by placing a block in front of the moving wheels. This the complaint alleges was in accordance with the practice and custom adopted by defendant in handling such cars. That was of itself dangerous employment for a boy the age of plaintiff. Plaintiff was not engaged to operate nor to assist in operating machinery of any kind, though he was in close proximity thereto when in the discharge of his duties.

3. Was this such employment as the statutes of the state prohibit to minors of the age of plaintiff? This question must be answered by the construction to be given to sections 3848 and 3870, G. S. 1913. Those statutes in their present form are found in section 9, c. 316, p. 457, Laws 1913, and section 2, c. 516, p. 747, Laws 1913. So far as here material the statutes are substantially the same, though section 3870 contains certain provisions not here material, not found in section 3848. Both statutes prohibit or make unlawful the employment of minors under 16 years of age in the particular kinds of work there enumerated, being of a kind naturally to expose the minor to danger of injury either physical or moral. The various provisions are too numerous to set out at length. The concluding clause, following the enumerated prohibited employments, reads: "Nor shall they be employed in any capacity whatever in the manufacture of goods for immoral purposes, *or in any other employment dangerous to their lives or limbs or their health or morals.*" The work for which plaintiff was employed by defendant does not come within any of the specifically enumerated employments and his employment was rendered unlawful or forbidden, if at all, by this general clause, distinctly prohibiting the employment in any work which may endanger the life, limb, health or morals of the minor. The employments specifically referred to in the statute embrace the operation or assisting in the operation of machinery; the preparation of any composition in which dangerous or poisonous acids are used; or in the manufacture of paints, colors or white lead;

or in the operation of any passenger or freight elevator; or the manufacture of goods for immoral purposes; following which is the general prohibition quoted.

It is the contention of defendant that the general prohibiting clause following the specific enumerations must, under the rule of *ejusdem generis,* be held to refer to and include only such employments as are substantially similar to one of the classes so enumerated. We do not concur in that view of the statute. The rule invoked is one of construction, employed as an aid in determining the intent of the legislature, and the effect thereof should not be permitted to confine the operation of the statute within narrower limits than intended by the lawmakers. That as well as all other rules of construction has but one object in view, namely, the ascertainment of the intent of the statute. The general purpose of a statute, as disclosed by the provisions thereof taken as a whole, often requires that the final general clause, inserted with a view of bringing within its scope matters not specifically mentioned, should not be restricted in meaning by the preceding specifications. Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. 626; Brown v. Corbin, 40 Minn. 508, 42 N. W. 481; City of Fort Smith v. Gunter, 106 Ark. 371, 154 S. W. 181; United States Cement Co. v. Cooper, 172 Ind. 599, 88 N. E. 69. And, when it appears that the legislature intended to go beyond the specifications, effect must be given that intent and the statute construed accordingly. The whole purpose of the legislature in the enactment of this statute, as clearly disclosed by its numerous provisions, was the protection of boys and girls from moral or physical harm, who, by reason of immature years, presumptively are incapable of appreciating risks of injury which are incident to the particular employments. And it is manifest that the concluding clause was inserted for the express purpose of including any employment, not embraced in those specifically mentioned, which for the same reason might expose them to like dangers. It obviously was not intended as a limitation upon the scope of the statute, but rather as an enlargement thereof, and to fully effectuate the protection intended thereby to be placed about the young and inexperienced minor child. This view is sustained by reputable authority. Swift & Co. v. Rennard, 119 Ill. App. 173; Louisville, H. & St. L. Ry. Co. v. Lyons, 155 Ky.

396, 159 S. W. 971, 48 L. R. A. (N. S.) 667. It requires no extended argument or discussion to demonstrate that it is just as dangerous to a child to be set to work in a factory, machine shop, or other like industry, where he will be hourly exposed to injury from machinery in operation, as to set him to work in operating or in assisting in operating the same. Danger of injury of that character is what the legislature intended to guard against, and not especially the dangers incident to a particular employment. We therefore hold that the employment of plaintiff, as disclosed by the complaint, was prohibited by the statute referred to, and excludes the case from the compensation law.

4. This conclusion does not, as contended by defendant, render the statute unconstitutional, as leaving the basis for its application to doubt and uncertainty. The thing condemned is the dangerous work, and there can be no special difficulty in determining what particular employment is or may be dangerous. If this contention were to be sustained, then many of our statutes of long standing would go down as unconstitutional. For instance, we have a statute which declares that it shall be unlawful to assault another with a dangerous or deadly weapon; another statute prohibits the employment of a minor under the age of 18 years in any practice or exhibition "dangerous" to his life or health. What constitutes a dangerous or deadly weapon, and what constitutes a "dangerous" exhibition, will often present a question of fact to be determined before the statute can be held to have been violated. And the statute cannot be held unconstitutional because the determination of that fact precedes the conclusion that it has been violated, or because the determination thereof is committed to the court. Elwell v. Comstock, 99 Minn. 261, 109 N. W. 113, 698, 7 L. R. A. (N.S.) 621, 9 Ann. Cas. 270; Louisville, H. & St. L. Ry. Co. v. Lyons, 155 Ky. 396, 159 S. W. 971, 48 L. R. A. (N. S.) 667.

We therefore hold that the particular employment of plaintiff was prohibited by the statutes referred to, rendering the compensation act inapplicable to the case. From which it necessarily follows that the order appealed from must be affirmed.

It is so ordered.