street car, which had started up again, had stopped to let defendant's automobile cross, even though there is a conflict in the evidence as to whether or not plaintiff's automobile came to a stop upon overtaking the street car at the intersecting street.

2. APPEAL AND ERROR, § 452*—*when objection as to admission of ordinance is too late.* An objection as to the admission of a city ordinance, in a negligence action, comes too late where made for the first time on appeal.

3. TRIAL, § 91*—*what is purpose of specific objection to evidence.* The purpose of a specific objection to evidence in the trial court is to enable the other party to meet it.

4. APPEAL AND ERROR, § 551*—*non-necessity of exceptions to rulings.* Under section 81 of the Practice Act (J. & A. ¶ 8618), the necessity of excepting to all adverse rulings of the trial court is dispensed with.

---

### Bessie Zurasky, by John Zurasky, Defendant in Error, v. Handycap Company, Plaintiff in Error.

### Gen. No. 22,577.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed April 16, 1918.

### Statement of the Case.

Action by Bessie Zurasky, a minor, by John Zurasky, her father and next friend, plaintiff, against Handycap Company, a, corporation, defendant, to recover for personal injuries sustained by plaintiff, a minor over 14 and less than 16 years of age, while working in defendant's factory. From a judgment for plaintiff, defendant brings error.

FYFFE, RYNER & DALE, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

DAVID K. TONE, FRANK A. ROCKHOLD and HENRY POLLENZ, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 4*—*when minor may bring action at law.* A minor between the age of 14 and 16 years who is injured while employed in a factory at work, prohibited by the Child Labor Act, sec. 11 (J. & A. ¶ 5317), may bring an action at law for the damages under the act, although the employer is operating under the Workmen's Compensation Act, she not being an employee legally permitted to work under section 5 of the latter Act [Callaghan's 1916 St. Supp. ¶ 5475(5)].

2. COURTS, § 150*—*necessity of following Supreme Court decisions.* The Appellate Court is bound by a prior decision of the Supreme Court on a question involved in the case.

3. DAMAGES, § 133*—*when verdict for personal injuries not excessive.* A verdict for $750 in favor of a minor between 14 and 16 years of age, *held* not excessive, where it appeared that the thumb of plaintiff's right hand was crushed by reason of the accident and she lost approximately half of the first phalange of it; that she was under a physician's care for 25 days; that her arm was swollen for about a month; that she did not work for 5 months, and that the pain was severe and continued until the time of trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.