## JOSEPH C. GUTMANN, BY GUARDIAN, v. CHARLES G. ANDERSON.[1]

March 21, 1919.

No. 21,191.

**Master and servant — dangerous employment — test of vice-principal — error to grant new trial.**

1. The plaintiff, a minor under 16, was injured while working at a grinder with an unguarded intake gear in the defendant's meat shop. He claimed that he was put to work at the grinder by one Victor who, to some extent, was in charge, and that the work was a dangerous employment forbidden by G. S. 1913, §§ 3848, 3870, to boys under 16. No other fault was attached to Victor. Unless the plaintiff was employed in violation of the statute he could not maintain a common law action, for if his employment was "legally permitted" his rights and the liability of the defendant were fixed by the Workmen's Compensation Act, G. S. 1913,

[1] Reported in 171 N. W. 303.

§ 8230g(2). The court stated to the jury the effect of the statute and the conditions under which the defendant would be liable for the act of Victor in putting the plaintiff at work, and referred to his authority, express or implied in fact, as the representative of the defendant. After a verdict for the plaintiff it granted a new trial upon the ground that it submitted to the jury the wrong test of the vice-principalship of Victor, that is, the rank or grade of service, instead of the nondelegable character of the duty resting upon the defendant. It is *held* that the charge adopted the proper test of vice-principalship, namely, the nondelegable character of the duty imposed upon the defendant; that it properly stated the circumstances under which the defendant would be liable for Victor's act, and that a new trial should not have been granted because of the alleged error in the charge.

**New trial because of error of law.**

2. When a motion for a new trial is granted on the ground of error of law it may be sustained by showing other errors, properly raised, aside from the one on which it was granted. In this case there were none.

**Same — insufficiency of evidence or excessive damages for action of trial court, when order reversed.**

3. When a motion for a new trial is granted upon the ground of error of law it cannot be sustained upon the ground of insufficiency of evidence or excessive damages. Orders for new trials upon such grounds are not appealable. When the motion is made upon the grounds of errors of law, insufficiency of evidence, and excessive damages, and granted solely on the first, without a consideration of the others, and the order is reversed, the second and third are for consideration by the trial court upon the going down of the remittitur.

Action in the district court for St. Louis county by the guardian ad litem of Joseph C. Gutmann, a minor, to recover $16,000 for injuries received while in defendant's employ. The answer admitted that plaintiff was in defendant's employ when injured, but alleged that plaintiff was not employed to do any work for him while school was in session, and alleged that at the time the injury occurred plaintiff was doing an act wholly outside of the line of his duties and scope of his employment and contrary to the direction and orders of defendant. The case was tried before Fesler, J., and a jury which returned a verdict for $8,500. From an order granting defendant's motion for a new trial, plaintiff appealed. Reversed.

*D. G. Cash* and *John B. Richards,* for appellant.
*Larson & Marsch,* for respondent.

DIBELL, J.

Action by the plaintiff, a minor, to recover for personal injuries sustained while in the employ of the defendant. There was a verdict for the plaintiff. The defendant moved for a new trial upon three grounds: (1) That there were errors of law occurring at the trial; (2) that the verdict was not sustained by the evidence and was contrary to law; (3) and that the damages were excessive.

A new trial was granted upon the ground of errors of law and the plaintiff appeals.

1. The defendant operated a small meat market in Duluth. The plaintiff, a boy of 14, another boy of about the same age, a man by the name of Axel Victor, and the defendant constituted the working force.

In the shop was a meat grinder operated by electric power. The plaintiff while operating it caught his hand in the intake gear, which was unguarded, and sustained an injury.

The right of recovery is grounded upon the employment of the plaintiff by the defendant in a dangerous place about machinery not guarded to the extent practicable. By G. S. 1913, §§ 3848, 3870, the employment of minors under 16 in certain dangerous employments is forbidden. It is clear that the ground stated is that upon which the recovery must rest if any is had in a common law action. If the plaintiff's employment was "legally permitted" his rights and the liability of the defendant were fixed by the Workmen's Compensation Act and the question of negligence of one party or the other was unimportant. G. S. 1913, § 8230g (2); Westerlund v. Kettle River Co. 137 Minn. 34, 162 N. W. 680; Pettee v. Noyes, 133 Minn. 109, 157 N. W. 995. In the Westerlund case the question of what constitutes an employment in violation of section 3848 and section 3870 is discussed, and the effect of an employment in violation of these sections upon the provision of the Workmen's Compensation Act, section 8230g (2), bringing within its operation "minors who are legally permitted to work under the laws of the state," is decided.

At the time of the injury the defendant was out of the shop on busi-

ness connected with it. Victor, a man 33 years of age and of some years experience in the business, was in the shop. To some extent, at least, he was in charge. The claim of the plaintiff is that Victor directed him to operate the grinder and in giving such direction was a vice-principal of the defendant.

The court stating this claim to the jury, and referring to the responsibility of the defendant for Victor's action, so far as presently material said:

"This is the law on that feature of the case and I will give it to you. It requires you to pass upon the question of fact, and you will bear in mind, as I proceed with the charge and refer to the negligence of the defendant, that as you decide the question of fact one way or the other as to Victor's status in that butcher business, you will apply the charge accordingly in determining the question of negligence: If Axel Victor, in defendant's absence from his place of business, was authorized by the defendant to have control over what plaintiff should do, or if defendant knew or under all the circumstances ought to have known that in his absence Victor was in the habit of exercising control over what plaintiff should do, and Victor on June 19th directed the plaintiff to grind sausage, or hamburger, requiring the use of the machine which injured him, you are instructed that the directions of Victor to plaintiff would be in law the directions of the defendant, and, in such case, the defendant would be responsible for any negligent acts of Mr. Victor resulting in injury to the plaintiff, if such act was committed in the course of his employment, or in the line of his duty, with a view to the furtherance of the defendant's business. The fact that Victor may have exceeded his actual authority, or even disobeyed his express instructions, would not alter this rule."

A new trial was granted on the ground that the giving of this instruction was error. The view of the trial court was that it left the question whether Victor was a vice-principal to the jury but gave it the wrong test for its determination; or more specifically that instead of making the question determinable upon whether the duty cast upon Victor was a nondelegable duty of the defendant, which is the test of vice-principalship in this state, it employed the grade of employment or superior servant rule applicable in some states.

The defendant could not employ the plaintiff in violation of the two sections cited without making himself liable for the consequences resulting from the unlawful employment; nor could he evade liability by authorizing Victor to put him at forbidden work. Victor's act in such case would be his act; or we may say, stating it negatively, and it seems to be the same thing, that the duty to refrain from putting a boy under 16 at work forbidden by the statute is nondelegable.

The law puts upon the employer certain duties or obligations which are nondelegable in the sense that he cannot authorize them to be done by someone else and escape responsibility for the manner or lack of their doing. They can be discharged only by performance. Such in general is the furnishing of a reasonably safe place in which to work; the furnishing of reasonably safe tools and instrumentalities; the proper supervision of the work in certain cases; sometimes warning and instructing; the guarding or fencing of machinery; and in general the doing of such things as are necessary to meet the positive requirements of a statute enacted for the safety of employees. Dunnell, Minn. Dig. and 1916 Supp. § 5868, et seq.; 4 Labatt, M. & S. § 1495, et seq.

The statute which we have cited adopts a definite standard of duty. The employer must not put minors under 16 in certain dangerous employments. The prohibition is absolute. If Victor, under an express or implied delegation of authority from the defendant, put the boy at prohibited work at a dangerous employment in violation of the statute, the defendant was as much liable as if he had done so himself. Victor was then a vice-principal, for a vice-principal is one, whatever his work, who with competent authority discharges a primary or nondelegable duty of the employer.

The defendant cites Pasco v. Minneapolis S. & M. Co. 105 Minn. 132, 117 N. W. 479, 18 L.R.A.(N.S.) 153. There it was held that the power conferred upon a foreman to direct the work of the employees in the mere manner of its doing did not make him a vice principal. This is a general principle. In the application of it there is often difficulty. It has no special application here for the statute applicable to the situation casts a duty negative in character upon the defendant and it cannot be delegated or evaded.

We are unable to hold that the instruction of the court was erroneous.

10—Vol. 142 M.

It did not adopt the grade of employment or superior servant rule. It made the defendant liable, if at all, not because Victor was somewhat in control of the plaintiff and had some authority to direct him, but only in the event that he had express or implied authority to put him at the work prohibited by the statute and did so; and in such event the jury was told that his act was the defendant's act. The relative rank or superiority in service of Victor and the plaintiff was not put to the jury as the test. Whether he, under competent authority from the defendant, put the plaintiff at forbidden work, was made the test. The nondelegable character of the duty was the test and not superiority in rank or service.

We do not understand that it is claimed that the plaintiff might not have been properly employed about the shop in some capacity without a violation of either section 3848 or section 3870; and we are not now concerned in considering the character of the machinery in use; nor the character of the employment; nor the character of the evidence bearing upon the issue whether Victor did in fact put plaintiff at forbidden employment. We hold that the charge was correct and that a new trial should not have been given because of the error alleged in it.

2. The plaintiff may sustain an order granting a new trial upon the ground of errors occurring at the trial if he can show other errors of law, properly raised, sufficient to justify the granting of the motion. McAlpine v. Fidelity & C. Co. 134 Minn. 192, 158 N. W. 967, and cases cited. No error other than that assigned relative to the charge is particularly urged and we find none.

3. If a new trial is granted because of the insufficiency of the evidence or because of excessive damages the order is not appealable. This is the effect of G. S. 1913, § 8001, subd. 4. McAlpine v. Fidelity & Casualty Co. 134 Minn. 192, 158 N. W. 967; Heide v. Lyons, 128 Minn. 488, 151 N. W. 139; Pust v. Holtz, 134 Minn. 266, 159 N. W. 564.

The new trial was granted solely because of errors of law at the trial. No other ground of the motion was considered by the trial court. Upon the grounds assigned, other than that of errors of law, the parties have

had no decision. Upon the going down of the remittitur they will be for consideration by the trial court.

Order reversed.