## IN THE MATTER OF THE APPLICATION OF LILLY WALLACE FOR THE SUPPORT OF HER BASTARD CHILD.

### No. 1621.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED JUNE 15, 1925.                    DECIDED JUNE 29, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

BASTARDS—*proceedings under bastardy laws.*

Where on the application of an unmarried woman to a judge of the juvenile court for a warrant for the arrest of the alleged father of her bastard child, the judge, after examining the applicant as to the truth of her statements reduces the same to writing, and, on a part of the record attached to such written statement, signs an order reciting that probable cause exists to believe that the accused is the father of the bastard child, and orders a warrant for the arrest of the accused to issue, the signature of the judge to such order is a substantial compliance with section 3054, R. L. 1925, which provides that the judge shall sign the written statement of the applicant for a warrant.

SAME—*warrant for arrest of accused.*

A warrant of arrest, directing the arresting officer to bring the accused before the judge of the juvenile court for a preliminary examination, need not recite that the applicant for the warrant is an unmarried woman.

OPINION OF THE COURT BY LINDSAY, J.

This case comes here on an interlocutory bill of exceptions allowed by the judge of the juvenile court of the second circuit, from a ruling denying a motion to quash a warrant issued by said judge in a bastardy case.

The main portion of the record sent up consists of a "Statement of Lilly Wallace," which statement recites that: "On this 10th day of April, 1925, before me at

chambers, appeared Lilly Wallace, making application for warrant of arrest of the person she accuses of being the father of her bastard child, after being first duly sworn and examined under oath by me, judge of the above entitled court, did testify as follows:" Here follows the testimony of said Lilly Wallace to the effect that she lived at Kamaole, Kula, was a single woman, aged twenty, that she gave birth to a male child on October 12, 1924, and that Manuel de Ponte, who resided at Waihule, Kula, was the father of said child. The witness further testified as to when and where said child was begotten. The statement is signed by the accuser and the record then proceeds: "There appearing probable cause to believe that Manuel de Ponte is the father of the child born to Lilly Wallace on October 12, 1924, it is hereby ordered, that a warrant issue for the arrest of the said Manuel de Ponte and that he be brought before me for preliminary examination as required by law. * * * D. H. Case, Judge of the Juvenile Court, Second Circuit, Territory of Hawaii."

A warrant for the arrest of the accused having issued, accused moved to quash the warrant on the grounds (1) that from the examination by the judge of the applicant on April 10, 1925, it does not appear that the applicant is a resident of the County of Maui, that she is single or that she has given birth to a child; (2) that before the issuance of the warrant there was no examination by the judge of the applicant in accordance with the provisions of section 3054 of the Revised Laws of Hawaii 1925; (3) that there appears to be no statement of the applicant, under oath, reduced to writing and signed by the judge as by law provided; (4) that the warrant issued in the above entitled cause does not state sufficient essential judicial facts; (5) that said warrant does not recite any fact or facts that had

been determined by the judge from the examination of the applicant.

The motion to quash was denied and accused was allowed an interlocutory bill of exceptions.

Whether a case such as this is reviewable on exceptions, in view of our conclusions on the merits, need not be decided.

It is contended by the accused that, at the time the accuser made her application for the issuance of a warrant for the arrest of the accused, the procedure required by section 3054, R. L. 1925, was not followed, and for that reason the warrant should have been quashed.

Section 3054, R. L. 1925, provides that: "Any unmarried woman when quick with child or within six months after the delivery thereof, may apply to the judge of the juvenile court of the circuit in which she or the alleged father of the child resides, or in which she was delivered of the child, for a warrant for the arrest of the person whom she accuses of being the father thereof. The warrant may also be applied for by either of the parents or guardian of the mother, or by any person as the next friend of the bastard within six months after the date of its birth; and if after the complaint has been made either by the mother or by any one as above specified, the mother dies or refuses or neglects to prosecute the same, any of said persons may prosecute the case to final judgment for the benefit of the parent, guardian or the bastard. Before issuing the warrant, the judge shall examine the applicant under oath concerning the residence, the character and married or single condition of the mother when the child was begotten, the time and place where it was begotten, where and when it was born; if born, and such other circumstances as such judge shall deem

necessary or proper for testing the truth of the accusation, and shall reduce the statement of the applicant to writing and sign the same."

The accused urges that the record discloses that the examination of the accuser was conducted by the prosecuting officer of the County of Maui and that the *court*, not the judge thereof, concluded such examination, in other words, the objection made is that the examination was conducted before the juvenile court and not before the judge of said court as required by the statute.

There is no merit in this contention. As shown by the record the "judge of the above entitled court," that is to say, the judge of the juvenile court, after duly swearing the accuser, made the examination of the accuser required by the statute. It is true that part of the statement made by the accuser in support of her application for a warrant was in response to questions propounded to her, in the presence of the judge of the juvenile court, by the county attorney, but such circumstance in no way alters the fact that the examination was in fact made by the judge and not by the county attorney.

The next contention of the accused is that the statement of the accuser is not signed by the judge of the juvenile court as required by the statute. While it is true that the statement of the accuser is not signed by the judge immediately at the bottom of such statement, it does appear that (whether on the same sheet as the statement of the accuser or on a separate sheet, the record does not disclose) the judge did, as a part of the record of the examination he had just concluded, recite that probable cause existed to believe that the statement of the accuser was true, and that a warrant should therefore issue, and the judge did sign said record. This, in our opinion, was a substantial compliance with the provisions of the statute.

The remaining contention of the accused is that the warrant of arrest does not state sufficient jurisdictional facts in that it does not set forth that the accuser is an unmarried woman and that she is a resident of the County of Maui. The warrant does recite that the accuser is of Kamaole, Kula, Maui, Territory of Hawaii, but does not state that she is an unmarried woman. Is it essential that a warrant in such cases should state that the accuser is an unmarried woman?

In contending that a warrant, in a case of this nature, that fails to state that the accuser is an unmarried woman is bad and should be quashed upon motion, the theory of the accused appears to be that the case is a criminal one and that the warrant is in the nature of an indictment, information or charge, and should therefore be worded with all the technical niceties and particularities usually required in criminal pleadings. This court, however, has held that a proceeding of this nature is civil and not criminal, and that what is authorized by the statute is purely a civil judgment against the accused to pay a sum or sums of money for the support and maintenance of the child during the earlier years of its life. (*Ter.* v. *Good*, 27 Haw. 8.).

In cases of this nature, when an unmarried woman has applied to the judge of the juvenile court for the arrest of the person whom she accuses of being father of her bastard child, has been examined under oath by the judge as to the truth of her accusation, and the statement of the accuser has been reduced to writing and been signed by the judge, the judge is authorized, under section 3055, R. L. 1925, if in his opinion there is probable cause to believe that the woman is quick with child or that the child, if born, is still under six months of age, to issue a warrant requiring the accused to be arrested and brought for preliminary examination

before the judge of the juvenile court, who, upon such preliminary examination, may require the accused to furnish a bond for his appearance and trial in the juvenile court, and to perform the judgment of the court, but if the woman be quick with child at the time of the arrest, final trial shall not take place until after the birth of the child. Section 3056 provides for a trial of the case, and if the accused acknowledges in open court the paternity of the child, or if the finding of the court or jury, in case a jury has been demanded, be against the accused, the court shall make an order requiring the accused to make provision for the support and maintenance of the child.

In the instant case as appears by the record the accuser, an unmarried woman, had appeared before the judge of the juvenile court applying for the arrest of the accused, and all of the requirements of the statute upon which the judge of said court was authorized to issue a warrant had been complied with. The warrant which the judge issued is entitled "In the Matter of the Application of Lilly Wallace, for the Support of her Bastard Child," recites that said Lilly Wallace has made application for such warrant, that there is probable cause to believe that the accused is the father of said child and commands the sheriff to arrest said accused "and bring him before me as judge of the said juvenile court for the second circuit, Territory of Hawaii, for preliminary examination as provided by law." The warrant of arrest is not in the nature of a charge or indictment and is not for the immediate purpose of bringing the accused to trial but, as stated in the warrant, is merely for the preliminary examination of the accused provided for by the statute. It is not, therefore, necessary that the warrant should state and the statute does not require the statement that the accuser

is an unmarried woman. That fact does appear in the statement of the accuser which is a requisite to the issuance of a warrant but such fact need not be stated in the warrant.

The exceptions are overruled.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for the applicant.

*E. Vincent* for respondent.