TERRITORY *v.* CARL F. COLE.

No. 1794.

ARGUED JANUARY 4, 1928.      DECIDED JANUARY 21, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

The record before us shows that on August 5, 1927, an application was filed in the first circuit court, addressed to the judge of the division of domestic relations, wherein the applicant, Mitsuko Fukuda, complained of Carl F. Cole, defendant, and alleged in effect, among other things, that on February 11, 1927, in Honolulu, Hawaii, applicant gave birth to a female child; that defendant is the father of said child; that at the time of the conception of said child and prior to and at the time of its birth and at the date of said application the defendant was a resident of Honolulu; that at the time of the delivery of said child and at all times theretofore, thereafter and at the time of said application, the applicant was an unmarried woman, residing continuously in Honolulu. The application, as set forth therein, was based upon applicant's affidavit substantially to the same effect and filed with said application. The application concluded with the prayer that a warrant be issued for the arrest of defendant, that he might be apprehended and brought before said court to answer said charge, and for such further proceedings as the judge of said court might deem right and just in the premises.

The record further shows that on August 5, 1927, the applicant was examined orally under oath before the judge of said court of domestic relations and testified, among other things, to the following effect, namely, that her name is Mitsuko Fukuda; that she is a native of Japan, almost twenty-one years of age; that she came to Hawaii in 1907 and has lived in Honolulu ever since that time, living

at the time of said examination in Kaimuki; that she has never been married; that she has a child (then exhibited in her arms) born February 11, 1927, whose father is Carl Francis Cole, now at 1541 Makiki; that she began living with Cole four years ago and was living with him at the time said child was conceived, which was about June, 1926; that Cole was unmarried at the time of the conception and at the time of the birth of said child; that applicant has never been intimate with any other man.

At the close of the applicant's testimony the court ruled "from the evidence adduced at the preliminary hearing, it appearing that Carl Francis Cole is the father of a child born to Mitsuko Fukuda, an unmarried female, it is therefore the order of the court that the warrant issue taking into custody the said Carl Francis Cole, said warrant to be returnable Monday morning, 8th day of August at 9 a.m., bond to be in the sum of $5000.00." And the judge thereupon issued a signed statement entitled "Examination of Mitsuko Fukuda Under Oath," the essential parts of which are quoted as follows: "On this 5th day of August, A.D., 1927, came Mitsuko Fukuda, applicant in the above entitled cause, and upon examination by the undersigned under oath, stated as follows: that she is the applicant named in the application for the arrest of Carl F. Cole, defendant above named; that she is an unmarried woman residing in Honolulu, City and County of Honolulu, Territory of Hawaii; that on the 11th day of February, 1927, she gave birth to a female child in Honolulu aforesaid; that at the time of the delivery of said child and at all times theretofore and thereafter and now, she, the applicant, was and is an unmarried woman, residing continuously in Honolulu aforesaid; that Carl F. Cole, defendant above named, from this preliminary examination appears to be the father of said child; that said defendant is a resident of Honolulu afore-

said and was such prior to and at the time the said child was conceived by applicant and also at the time of the delivery of said child, living and cohabiting with the applicant at her own home."

A warrant for the arrest of the defendant was thereupon issued and was attached to the above named application, affidavit and signed statement and was then served upon the defendant, who thereafter, under special appearance, filed his motion to quash the same. The ground of said motion as therein stated is that said court "is without jurisdiction in the above entitled matter; that said information, 'Examination of Mitsuko Fukuda Under Oath,' affidavit of Mitsuko Fukuda and other pleadings herein wholly fail to set forth facts sufficient to give this court jurisdiction over the person of the defendant herein; that nowhere in the pleadings nor in the statement of the applicant under oath signed by the judge, does it appear when and where the alleged child was begotten, or the character of the alleged mother of said child; that nowhere in said pleadings are any facts set forth sufficient to show probable cause that the accused, defendant herein, is the father of said alleged child; that nowhere in said pleadings, statements or affidavits are any facts set forth indicating a reasonable probability or possibility that the defendant herein is the father of said child; that there is in said pleadings a total want of facts to show probable cause to believe that the accused is the father of said child or to inform the defendant herein of the nature and cause of the action against him."

The judge of the court of domestic relations has certified to this court the record above referred to, with his statement of facts, and has reserved for this court's consideration and determination the question, "Should the motion to quash be granted?"

The proceeding is brought under R. L. 1925, ch. 179, entitled "Support of Bastards," section 3054 of which,

omitting parts inapplicable to the instant case, provides as follows: "Any unmarried woman when quick with child or within six months after the delivery thereof, may apply to the judge of the juvenile court of the circuit in which she or the alleged father of the child resides, or in which she was delivered of the child, for a warrant for the arrest of the person whom she accuses of being the father thereof. * * * Before issuing the warrant, the judge shall examine the applicant under oath concerning the residence, the character and married or single condition of the mother when the child was begotten, the time and place where it was begotten, where and when it was born, if born, and such other circumstances as such judge shall deem necessary or proper for testing the truth of the accusation, and shall reduce the statement of the applicant to writing and sign the same."

Section 3055, so far as presently applicable, provides as follows: "If, on the examination, there appears probable cause to believe that the woman is quick with child or that the child, if born, is still under six months of age, and that the accused person is the father thereof, the judge shall issue a warrant directed to the high sheriff of the Territory, his deputy, the sheriff of the county or city and county or his deputy, or any police officer within the circuit, requiring the accused to be arrested and brought for preliminary examination before the judge of the juvenile court, who, upon such preliminary examination, may require the accused to enter into bond, with good sureties to the Territory in a sum to be fixed by the judge, for his appearance and trial in the juvenile court, and to perform the judgment of the court * * *."

The portions of sections 3054 and 3055 omitted from the foregoing quotations refer to applications made during the pregnancy of the mother and to applications made by persons other than the mother and are not herein involved. In instances like the present four procedural

steps are required to obtain the issuance of a warrant. Briefly they are as follows: (1) due application for warrant of arrest of the father, by the mother of the alleged bastard child; (2) due examination of the applicant under oath; (3) reduction of applicant's statement to writing, signed by the judge; and (4) finding by the judge on said examination of probable cause to believe the essential facts set forth in the above-quoted parts of sections 3054 and 3055 and later dealt with in this opinion.

The proceedings above outlined are civil in their nature. *In re Good,* 27 Haw. 8. Their primary purpose, and the only one with which we are now concerned, is to require "the accused to be arrested and brought for preliminary examination before the judge of the juvenile court." Jurisdictional prerequisites to the issuance of a warrant in the circumstances hereinabove set forth may be summarized as follows, namely, a proper and sufficient showing (1) that the mother, who in this case is the applicant, is an unmarried woman; (2) that she has been delivered of the child within six months last preceding the time of her application; (3) that her application is made to the judge of the juvenile court of the circuit in which (a) she resides, or (b) in which the alleged father of the child resides, or (c) in which she was delivered of the child; and (4) that there is probable cause to believe that the accused person is the father of said child.

The subject matter of inquiry upon examination of the applicant by the judge, prior to the issuance of warrant for the arrest of the accused, is set forth in the portion of section 3054 hereinabove quoted. The provision requires the judge to examine the applicant as to (a) the residence of the mother, (b) her character, (c) her married or single condition when the child was begotten, (d) the time and place where it was begotten, (e) where and when it was born, and (f) "such other circumstances

as such judge shall deem necessary or proper for testing the truth of the accusation." Certain essentials, namely, the name and identity of the father, and certain possible essentials, as for instance the residence of the father, are not specifically included in the foregoing list of things concerning which the applicant is to be examined and are included, if at all, only by implication under the general reference which we have marked (f) to such other circumstances as the judge shall deem necessary or proper for testing the truth of the accusation. Certain of the matters specifically included in the foregoing list, as for instance the residence of the mother and her character, may, under circumstances which in the present case are testified to exist, be non-essential to her right of relief under the provisions of the next succeeding section, namely, section 3055 hereinabove quoted and referred to.

The transcript of the oral examination of Mitsuko Fukuda hereinabove summarized shows that she was questioned and that she gave testimony, to some extent at least, as to each of the matters set forth in the foregoing list, herein for convenience marked (a) to (f) inclusive. There was testimony (a) as to her residence, (b) as to her character, at least to the extent of her sexual intimacies, (c) that she was single when the child was begotten, (d) that the child was conceived in Honolulu about June, 1926, (e) that it was born in Honolulu, February 11, 1927, and (f) that the child was hers and that Carl F. Cole, the defendant, with whom the applicant had lived "four years now," including the time of said conception, was the father of said child. The examination was a sufficient examination under the statute. The signed statement of the judge does not purport to quote at length the exact testimony of the applicant, but sets forth in effect portions thereof sufficient to constitute a *prima facie* showing of all jurisdictional facts. This, in our opinion, is all that it is required to do.

From the wording of section 3055 hereinabove quoted it is apparent that the purpose of the examination provided by section 3054 is to afford the examining judge a sufficient opportunity to be informed as to whether there is or is not probable cause to believe that such jurisdictional facts exist. If on such examination there appears probable cause to believe that such facts do exist, it becomes the duty of the examining judge to issue a warrant as set forth in section 3055. The record shows a substantial compliance on the part of the applicant with all statutory requirements for the issuance of a warrant. That the warrant itself in cases of this nature need not be worded "with all the technical niceties and particularities usually required in criminal pleadings" has been decided by this court *In re Wallace,* 28 Haw. 496, 500.

For the reasons above set forth, the circuit judge's question, "Should the motion to quash be granted?" is answered in the negative and the cause is remanded to the trial court for such further proceedings not inconsistent with this opinion as may be proper.

*W. C. Tsukiyama* (also on the brief) for the Territory.
*E. J. Botts* (also on the briefs) for defendant.