CARMEN M. INAKAY, Plaintiff *v.* SUN LAUNDRY CORPORATION, Defendant.

Supreme Court, Special Term, New York County, April 30, 1943.

CROSS MOTION by plaintiff for appointment of guardian *ad litem, nunc pro tunc.*

*Abraham Gudowitz* and *Emanuel Morgenbesser* for defendant.

*Raphael H. Beauduy* for plaintiff.

McLAUGHLIN, J. Defendant moves for summary judgment dismissing the complaint in this action brought by plaintiff to recover for personal injuries alleged to have been sustained by her as a result of defendant's negligence. Defendant contends that the action is barred by the provisions of section 29 of the Workmen's Compensation Law, which require that the present action be brought within six months after any award in compensation. It appears that plaintiff filed a claim under the Workmen's Compensation Law and received an award of sixty-five dollars and seventy-eight cents on October 20, 1941. It is not disputed that more than six months elapsed between the date of the award and the date on which the present action was commenced.

Plaintiff asserts, however, that the provisions of section 29 are not binding upon her since she was an infant at the time the award in compensation was made to her. Defendant argues that plaintiff may not avail herself of the claim of infancy since she was also married at the time.

Section 115 of the Workmen's Compensation Law provides: "No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian." It is, therefore, clear that an infant would not be barred from maintaining the present action because of the six months' limitation contained in section 29 of the Workmen's Compensation Law. The only other question then is—Was the mere fact of the infant's marriage sufficient to deprive her of her claim of infancy? It is to be noted that section 115 itself does not exclude a married infant. Had that been the intention of the legislators it would undoubtedly have been so expressed. Section 84 of the Domestic Relations Law provides: "The lawful marriage of a woman before she attains her majority terminates a general guardianship with respect to her person, but not with respect to her property." This would seem to indicate that the marriage of an infant, although it emancipates her as to her person, does not affect her property, or her property rights. Section 51 of the Domestic Relations Law, which gives to married women power and authority over their property, does not serve to remove the disabilities of infancy. (*Matter of Presler,* 171 Misc. 559, 562; *Cohen* v. *Delaware, L. & W. R. R. Co.,* 150 Misc. 450; *Sandford* v. *McLean,* 3 Paige 117, 121.)

Under the circumstances, it would appear that the plaintiff here is not barred from maintaining the present action, and, accordingly, defendant's motion for summary judgment is denied.

The cross motion to appoint a guardian *ad litem, nunc pro tunc,* for the infant plaintiff is granted. The failure to appoint such guardian prior to the commencement of the action is a mere irregularity and may be cured. (*Holmes* v. *Staib Abendschein Co., Inc.,* 198 App. Div. 354.) Settle order.