329 P.2d 877

Molen REES, Plaintiff and Appellant,

v.

Edward B. SCOTT, Defendant and Respondent.

No. 8860.

Supreme Court of Utah.

Sept. 16, 1958.

---

7. Rule 59, Utah Rules of Civil Procedure.

George E. Bridwell, Salt Lake City, for appellant.

Stephens, Brayton & Lowe, Thomas C. Cuthbert, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

This appeal challenges an order granting a motion to quash summons on the ground that the deputy sheriff who served it failed to put the date on the copy he left with the defendant.

Rule 4(j), U.R.C.P. prescribing the manner of service of summons provides:

"At the time of service, the person making such service shall endorse upon the copy of the summons left for the person being served, the date upon which the same was served, and shall sign his name thereto, and, if an officer, add his official title."

It is urged that the omission of the date was inconsequential; that the defendant had not been misled; that he had ample opportunity to appear and defend; that consequently the failure to place the date thereon should be regarded as a mere irregularity. Rule 61, U.R.C.P. is cited, which directs: "The court at every stage of the proceedings must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The above rule is salutary where applicable. But it cannot be used as a catch-all to cover up defects, errors, or omissions upon which the rights and duties of adverse parties depend. In Thomas v. District Court,[1] contentions similar to the above were made. In referring to the omission of the endorsement of the date on the served copy of a summons, the court said:

"The date endorsed indicates the time within which defendant must appear. If the date is not endorsed the defendant would have no definite date fixed by the summons to appear."

The court there explained the essentiality of the date, particularly where the action is commenced by the service of summons and the complaint is required to be filed within ten days thereafter. We see no merit in the contention that the defendant has the burden to allege and prove that he was misled by the defect. The trial court properly granted the motion to quash.

Affirmed. Costs to respondent.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.

1. 110 Utah 245, 171 P.2d 667, 670, decided under Sec. 104–5–7, U.C.A.1943, which, insofar as material here is the same as Rule 4(j), U.R.C.P.