333 P.2d 1071

Davis Vincent BALLARD, by Duane O. Ballard, his guardian ad litem, Plaintiff and Appellant,

v.

Wes BUIST and Ronald Baxter, a/k/a Rony Baxter, Defendants and Respondents.

No. 8887.

Supreme Court of Utah.

Jan. 12, 1959.

---

Lionel M. Farr, Salt Lake City, for appellant.

Fred L. Finlinson, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal from a judgment granting motions to quash service of summons and to dismiss the complaint.

This action for damages resulting from an assault and battery was commenced by the service of summonses which were signed and issued by the attorney for Davis Vincent Ballard in accordance with Rule 4(a) which provides that "[T]he summons may be signed and issued by the plaintiff or his attorney." The summonses were served upon respondents by qualified persons. The complaint entitled "Davis Vincent Ballard, Plaintiff v. Wes Buist and Ronald Baxter, also known as Rony Baxter, Defendants" was filed within time. Subsequently attorneys appearing for the defendants made a motion that the proceedings be stayed because the defendants were in the United States Navy and were minors. Before the motion to stay proceedings was brought up for hearing a motion was made to have a guardian ad litem appointed for the plaintiff because he was a minor. This motion was granted and Duane O. Ballard was appointed as plaintiff's guardian ad litem. The guardian ad litem then moved the court for permission to amend the summons and complaint to show that plaintiff was suing by his guardian ad litem. The court denied permission to amend the summons and complaint and granted a motion by respondent's attorney to quash the summons and dismiss the action.

It is respondents' contention that the court did not err in quashing the service of summonses and dismissing the action because a minor cannot initiate an action and therefore the court never obtained jurisdiction of respondents. As authority for this contention they cite Ortega v. Salt Lake Wet Wash Laundry, 108 Utah 1, 156 P.2d 885. This case is no authority for such a proposition. A cursory reading of a dictum therein, discussing the parents' right to wages earned by minors and the parents' right to sue in their own names for such wages, that a minor is not sui juris and cannot in his own name prosecute or maintain an action, might lead some to the conclusion that a minor in his own name cannot legally do anything. This is not a fact and has never been so in this state. A minor can enter into contracts, buy and sell property and legally do any number of things which a human being is capable of doing. True, for his own protection, the law has made it possible for him to avoid liabilities for a number of such actions by disaffirming them when he reaches majority, or by the appointment of a guardian to protect his rights when that becomes necessary. The protection with which the law cloaks an infant should not be used by others as a weapon against an infant. We, therefore, hold that the fact that the infant

appeared as the plaintiff in the summonses did not make such summonses void so as to affect the jurisdiction of the court.

The summonses served upon respondents fully informed them as to who the real party in interest is, the nature of the action, the name of the court in which they were to appear and answer and the time within which to do so. No disadvantage accrued to them from the fact that the summonses were not brought in the minor appellant's name by a guardian ad litem but instead was issued by the attorney for the plaintiff as provided in Rule 4(a), U.R.C.P. When the summonses were properly served the court obtained jurisdiction. Rule 3 (c), U.R.C.P.

Although the court obtained jurisdiction when the summonses were properly served, such summonses were subject to motions to quash because under the provisions of Rule 17(b) "[W]hen an infant or an insane or incompetent person is a party, he must appear either by his general guardian, or by a guardian ad litem appointed in the particular case by the court in which the action is pending * * *." However, the fact that a minor must appear by a guardian in a pending suit does not mean that process issued in initiating a suit by a minor makes such process void. It is a mere irregularity which can be cured by the appointment of a guardian ad litem and by amendment.[1] See Canterbury v. Pennsylvania R. Co., 158 Ohio St. 68, 107 N.E.2d 115, where the Ohio Supreme Court under a statute similar to our Rule 17(b) in holding that it was error for a trial court to refuse an amendment of the petition and the substitution of a next friend for the minor, said:

"The bringing of an action by a minor in his own name constitutes simply a failure to follow procedural statutes. The minor is the true plaintiff and it is for him that recovery is sought and for his benefit that the action is prosecuted.

"It is true that under Section 11247, General Code, an infant, as a procedural matter, must sue by a guardian or next friend, but where an infant sues in his own name and no attack for lack of capacity has been made under Section 11309, General Code, the lack of capacity is deemed waived."

In the instant case when the court allowed a guardian ad litem to be appointed it should have allowed his motion to amend the process and pleadings to show that the suit was being prosecuted by the infant through his guardian ad litem under the provisions of Rule 4(h), U.R.C.P. which provides that:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof

1. 43 C.J.S., Infants § 108, p. 281; 27 Am.Jur. 838, Sec. 117.

of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

and Rule 15, U.R.C.P. which provides that when justice so requires amendments to pleadings should be freely allowed. The facts in this matter clearly require the allowance of the requested amendments so that the matter may be heard upon the merits. The amendments could prejudice none of the parties, but could only tend to serve justice. To disallow the amendments was an abuse of discretion. It has always been the rule in this state to be liberal in the allowance of amendments to the end that there can be a complete adjudication of a controversy upon the merits and so that justice may be served.[2]

Reversed with instructions to proceed in accordance with this opinion. Costs to appellant.

CROCKETT, C. J., and WORTHEN and McDONOUGH, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent, believing the main opinion misconceives the function of process, confuses the matter of jurisdiction over persons and subject matter and cites but one case which is no authority under the facts of this case.

The opinion asserts that an assault and battery action was commenced. Nothing was commenced. The purported process was no process at all since it purported to be that of someone sui juris, whereas plaintiff clearly was non sui juris,[3] having no capacity whatever to have process issued in his name. The main opinion concedes this by admitting the process was vulnerable to attack by motion to quash, and it correctly recognizes that a minor has no capacity to sue or have process issued, by quoting Rule 17(b) to the effect that when an infant is a party he *must* appear by guardian.

It is admitted that if a minor *files* a complaint in his own name, that although such filing does not *commence* an action, the infirmity of incapacity may be eliminated by the appointment of a guardian ad litem, it being the court's duty to effect such appointment upon discovery of the infancy.[4] But that does not make void process valid, and it is a far cry from saying that process purportedly served beforehand, which was

2. Johnson v. Brinkerhoff, 89 Utah 530, 57 P.2d 1132.
3. See Ortega v. Salt Lake Wet Wash Laundry, 1945, 108 Utah 1, 156 P.2d 885, 889, where it was said that "generally speaking a minor is not sui juris, and could not, in his own name and right exercise options, make binding contracts or maintain or prosecute a claim or action for wages or injuries." 27 Am.Jur. 836, Sec. 116; Rule 17(b), Utah Rules of Civil Procedure.
4. 27 Am.Jur. 833, Sec. 113 et seq.

void and could not have given the court jurisdiction over defendants, suddenly can become validated by the appointment of a guardian ad litem and an amendment. I am aware of no cases, save where a general appearance has been made or a waiver accomplished, where any procedure entertained after filing of a complaint will breathe life into any previous void process. In those cases involving general appearance and waiver of defective process, courts invariably have said that but for the appearance or the waiver, no jurisdiction over the person purportedly served would attach.

Rule 4(h), quoted in the main opinion, is no help, since it applies only to errors having nothing to do with the basic question of conferring jurisdiction of the person by means of service of process, and it in no sense applies to void process. Otherwise any process, in any form, served in any way, good or bad, could, by amendment, confer jurisdiction over the person. Recently we rejected an effort to gain jurisdiction by ignoring and discounting process which purportedly had been served but where the process server neglected merely to date it.[5] If, as the main opinion contends, amendments should be allowed free-

ly, it would have been an easy matter in that case simply to amend the process by dating it, but when it comes to a question of acquiring jurisdiction by service of process, courts require statutory requirements to be followed strictly.

The only case cited in support of the main opinion is not only worlds apart factually from the instant case, but actually seems to support this dissent. In the Canterbury case, there was no question as to service of process whatever, as is the case here. Hence there was no question of lack of jurisdiction over the *person* because of *defective process,* and it is difficult for me to understand how the main opinion can construe that case to include one like this which involves jurisdiction over the person by service of process. Process intended to acquire jurisdiction over the *person* is either good or bad and if it does not confer jurisdiction at the outset amendment will not cure it. The Canterbury case concedes that the timely assertion of the defense of lack of capacity is effective when it says that "where an infant sues in his own name, and *no attack for lack of capacity has been made * * ** the lack of capacity is deemed waived[6] * * *."

The judgment should be affirmed.

5. Rees v. Scott, 1958, 8 Utah 2d 134, 329 P.2d 877.
6. By pointing to the Canterbury case, this writer simply points out that lack of capacity was recognized as a defense, but does not concede that such lack of capacity can be waived by the defendant, contending that appointment of a guardian alone can cure such incapacity.