CHARLOTTE VIOLET SHIRLEY THOMAS, ALSO KNOWN AS CHARLOTTE S. VELASCO, *v.* ANTONE M. NAVAS.

No. 4383.

June 17, 1964.

Tsukiyama, C. J., Cassidy, Wirtz, Lewis and Mizuha, JJ.

*Per Curiam.* This is an appeal from a judgment requiring the defendant to furnish support for an illegitimate child who was born on August 3, 1962 and found by a jury to have been sired by the defendant. After the return of the verdict the defendant moved to set it aside or to be granted a new trial on the ground that the petitioning mother "was and still is a minor in this proceeding and, therefore, she could not bring this action unless a guardian ad litem has been appointed to act on her behalf." This is the sole point raised on appeal. It rests on the contention that, under the provisions of R.L.H. 1955, § 332-1, a female under twenty years of age may not institute paternity proceedings without the appointment of a guardian ad litem or other person to appear on her behalf.

The first paragraph of § 332-1 provides:

"Any unmarried woman * * * may petition the

judge of the juvenile court * * * for an adjudication of paternity * * * against the person whom she alleges is the father of such child. * * *"

The second paragraph of § 332-1 provides:

"The petition may also be filed by either of the parents or a guardian of the mother, or by any person as the next friend of the child, or by any public officer or employee concerned with the welfare of the child * * *."

Appellant's basic contention in effect is that the petitioner-appellee did not have the capacity to sue since she was not an adult. It is urged that the term "any unmarried woman" appearing in the first paragraph of § 332-1 can mean only a female who has reached majority.

Appellant refers to the definition of "woman" given in Webster's Dictionary as follows: "An adult female person, as distinguished from a man or child, *sometimes any female person.*" (Emphasis ours.) Practically his full argument is then presented in one paragraph in the opening brief,[1] as follows:

"The common meaning of 'any unmarried woman' is an adult woman who has reached the legal age of twenty years which is Section 330-1, page 1596 of Revised Laws of Hawaii 1955. Otherwise, 'a guardian of the mother' becomes redundant and superfluous. If, by a sweeping explanation that the word 'woman' is so comprehensive in its meaning that it includes female minors, then, it is unnecessary to add in the phrase 'a guardian of the mother' in the next paragraph. We contend that is not the significant meaning of the statute because each word and phrase must have significance in the structure of the statute."

The only case cited by appellant is *Pae* v. *Stevens,* 9

---

[1] The appeal has been submitted on briefs.

Cir., 256 F.2d 208. It is *manifestly inapposite.*

The very dictionary definition of "woman" relied on by appellant indicates that any female, regardless of age, may be considered a woman under given circumstances. That the word is often used in statutes pertaining to relations between a male and female to include non-age females readily appears from even a cursory review of the definitions of "woman" given in 45 Words and Phrases, p. 470, *et seq.*[2]

If the issue before us were to be determined only on the definition to be given the word "woman" in the first paragraph of § 332-1, in light of the fact that the second paragraph of the same section provides that a petition *may also* be filed by a parent or guardian of the complaining mother, we think the ruling could easily be against defendant's contention that a minor female may not herself institute paternity proceedings. However, the problem is not that simple. It obviously requires a thorough consideration of related provisions of chapter 332 read in light of the nature of paternity proceedings in this jurisdiction, which in turn calls for consideration of the statutory history of the present provisions of the law.[3] The complexity of the problem can be appreciated by noting the conflicting holdings on the issue in other jurisdictions as they are reported in the annotation appearing in 50 A.L.R.2d, 1029, entitled: "Maintainability of bastardy proceedings by infant prosecutrix in her own name and right."

Neither party to this appeal has done more than scratch the surface of the statutory construction problem. We feel no compulsion to undertake the work on it that should have been done by counsel. However, it is clear that this

---

[2] See R.L.H. 1955, §§ 309-3, 309-8, 309-25, for examples where the word "woman" in a statute obviously includes a non-age female.

[3] See *Territory* v. *Good,* 27 Haw. 8; *Territory* v. *Cole,* 30 Haw. 268.

appeal can be readily disposed of on another basis.

Assuming *arguendo* that a proper construction of the pertinent statutory provisions requires that a minor petitioner in paternity proceedings have a guardian ad litem or next friend appointed to represent her, in this case the defendant must be held to have waived any right to claim prejudice by or to take advantage of the contended irregularity.

The petition in this proceeding was filed on February 7, 1963. It expressly stated that the petitioner was born on October 22, 1943, or in other words that she was under twenty years of age at the time. The defendant filed only a general denial to the petition and a demand for a jury trial. He proceeded to trial without objection as to the contended incapacity of the petitioner to sue in her own name and right. It was not until after the return of the verdict on April 1, 1963 that, by his "motion to set aside verdict or motion for a new trial" he, for the first time, raised the point.

The contended defect was procedural and not jurisdictional. It was of a nature that could have been cured by amendment at any time. See *Canterbury* v. *Pennsylvania R. Co.*, 158 Ohio St. 68, 107 N.E.2d 115; *Meek* v. *Aswan*, 7 Haw. 750. By answering and proceeding to trial without raising any objection, the defendant therefore waived any right to contest the contended lack of capacity of the minor to bring and prosecute the proceedings in her own name. The general rule applicable is stated in 27 Am. Jur., *Infants*, § 117, p. 838, as follows:

> "A court is not without jurisdiction to entertain a suit by an infant in his own name, but the bringing of such a suit is merely an irregularity which may be cured by thereafter appointing a next friend to prosecute the action and by amending the pleading accordingly. An objection that an infant sues without a next

friend or guardian ad litem, or without a representative duly appointed by the court when appointment by the court is necessary, is a matter of procedure and not of substance, and must be made by plea in abatement or by plea or answer in the nature thereof and is waived by pleading to the merits. * * *"

See *Ballard* v. *Buist,* 8 Utah 2d 308, 333 P.2d 1071; *Cozine* v. *Bonnick,* Ky., 245 S.W.2d 935; *Urbach* v. *Urbach,* 52 Wyo. 207, 73 P.2d 953; *Ritzler* v. *Eckleberry,* 167 Ohio St. 439, 149 N.E.2d 728; *Inakay* v. *Sun Laundry Corporation,* 180 Misc. 550, 42 N.Y.S.2d 344; *Erie R. Co.* v. *Fritsch,* 3 Cir., 72 F.2d 766.

There is no logical reason why this general rule should not be applicable to paternity proceedings instituted by a minor female. Appellant has offered no authority to the contrary other than the bare reference to 31 C. J., § 248, pp. 1112-1113 and § 263b, p. 1119. The references are germane in that they deal with the general subject of the appointment of a guardian ad litem or next friend to represent a minor litigant and to the course of action that might be taken when an objection is seasonably raised in a suit brought by an unrepresented minor. But nothing in them touches on the question of what result should follow by reason of failure to appoint a guardian ad litem or representative for a minor litigant when the action proceeds without objection by the defendant. That matter is covered later in the same text. In complete agreement with the above quotation from 27 Am. Jur., it is stated in 31 C. J., *Infants,* § 269, p. 1124:

"* * *

"*Objection by other party.* If defendant does not in a proper manner raise the objection to plaintiff's capacity to sue, it is considered as waived. He waives the objection that plaintiff is an infant suing without representative by appearing unconditionally, or by

pleading to the merits, or by not objecting by demurrer or answer. He cannot after plea or answer move on this ground to set aside the proceedings or to arrest judgment."

More recent coverage of the fundamentals applicable to this case is found in 43 C.J.S., *Infants,* § 108, at pp. 281-283.

The judgment is affirmed.

*W. Y. Char* for defendant-appellant.

*Stanley Ling,* Corporation Counsel, City and County of Honolulu, and *Raymond J. Tam,* Deputy Corporation Counsel, for petitioner-appellee.