Karl G. TOPHAM

v.

L. L. B. CORPORATION.

Supreme Court of Tennessee.

April 16, 1973.

Monte D. Curry, Nashville, for appellant.

David B. Herbert, Nashville, for appellee.

## OPINION

McCANLESS, Justice.

The appellee, L. L. B. Corporation, brought suit in Utah on a contractual debt held by appellee against the appellant, Karl Topham. Since the appellant had removed himself to Tennessee, the service of process was issued and sent to Tennessee under the Utah Long Arm Statute. On or about November 29, 1971, the Sheriff of Davidson County received the summons, and his Deputy served it upon the appellant. At the time of service the Deputy did not endorse upon the copy of the summons left with the appellant either his name or the date on which process was served. Upon learning of his mistake, the Deputy returned "two or three days later" and endorsed the appellant's copy with the date originally served and his name and official title. A copy of the summons was mailed from the Sheriff's office to Salt Lake City on December 3, 1971. A default judgment was granted the appellee by the Utah court, and was duly certified and sent to Tennessee. The appellee brought suit on the foreign judgment in the Circuit Court of Davidson County where a motion for summary judgment on behalf of the appellee was sustained resulting in a judgment of $2,254.25 in favor of the appellee. From this judgment the appellant perfected his appeal to this Court assigning as error:

(1) that the trial court erred in its interpretation of Utah law relative to the strictness required in the service of process under its long arm statute and that proper application of the law shows that the Utah judgment was void for lack of jurisdiction; and

(2) that the Tennessee Circuit Court erred in awarding eight percent (8%) interest on the judgment as the note and the original complaint in the State of Utah called for six percent (6%) interest per annum.

■ If the court which rendered a judgment has no jurisdiction over the person or subject matter of the action, the judgment is a nullity and not entitled to recognition and enforcement in a sister state. Clouse v. Clouse, 185 Tenn. 666, 207 S.W.2d 576 [1948].

■ Furthermore the judgment of a court of a sister state is always open to inquiry as to the jurisdiction of the court rendering it. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357 [1940].

With respect to the service of process on non-residents, Section 78–27–25 of the Utah Code provides that service of process on any party outside the state may be made pursuant to the applicable provisions of Rule 4 of the Utah Rules of Civil Procedure.

Rule 4(j) of the Utah Rules of Civil Procedure provides:

"At the time of service, the person making such service shall endorse upon the copy of the summons left for the person being served, the date upon which the same was served, and shall sign his name thereto, and, if an officer, add his official title."

The appellant maintains that strict adherence to the express language of the statute is required and relies upon the recent Utah decision of Rees v. Scott, 8 Utah 2d 134, 329 P.2d 877 [1958]. The defendant in the Rees case urged that the omission of the date was inconsequential relying upon Rule 61, Utah Rules of Civil Procedure, which provides that: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantive rights of the parties." The court in that case held that the failure of the Deputy Sheriff to put the date on the copy of the

summons left with the defendant rendered the summons defective, and that the defect was not a mere irregularity which could be disregarded under Rule 61.

■ The *Rees* case is distinguishable from the case before us in that in it the court found a complete failure of the Sheriff to date the defendant's copy. This substantially affected the rights of the defendant because the defendant had no definite date fixed by the summons to appear. In our case, however, the summons was signed, though through an inadvertence or oversight, some "two or three days" later. The distinction is crucial, for we are of opinion that the facts here presented bring the situation within the purview of Rule 61 of the Utah Rules of Civil Procedure. The general rule relating to irregularities in the service of process is stated in 50 C.J.S. Judgments § 893 e(1):

> "If defendant was personally served within the jurisdiction of the court, no mere irregularity in the service or in the process, unless so radical as to deprive it of all citatory effect, can be set up against the judgment when brought in question in another state."

■ We consider Rule 61 of the Utah Rules to be in accordance with the general rule. In our opinion, the mistake made by the Sheriff was a technical error and not such an irregularity as would prejudice the rights of the appellant. This assignment is overruled.

■ As to appellant's second assignment of error, Utah allows eight percent (8%) interest on its judgments, and our Circuit Court was correct in rendering its judgment on the Utah judgment as it therein appears. The Tennessee judgment will bear interest in accordance with Tennessee law.

The ruling of the trial court is affirmed.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Justice, concur.