DYNAPAC, INC., a Utah Corporation, and Tracy Collins Bank and Trust Company, a Utah Corporation, Plaintiffs and Respondents,

v.

INNOVATIONS, INC., a Utah Corporation, John Cunningham and Robert E. Overtree, Defendants and Appellants.

No. 14243.

Supreme Court of Utah.
May 13, 1976.

John L. McCoy & Richard B. Cuatto, of Ryberg, McCoy & Halgren, Salt Lake City, for defendants and appellants.

Gordon L. Roberts & William L. Crawford, of Parsons, Behle & Latimer, Salt Lake City, for plaintiffs and respondents.

TUCKETT, Justice:

The defendant Robert E. Overtree appeals from an order of the District Court of Salt Lake County in declining to set aside a default judgment entered against him. The plaintiffs filed their complaint seeking to recover for breach of a contract between the plaintiffs and the defendant Innovations. The complaint was filed on December 7, 1973, and the defendant Robert E. Overtree was served on January 24, 1974, in the state of California. On May 17, 1974, the plaintiffs procured the entry of a judgment by default against the defendants. Notice of the judgment was sent to Overtree on May 20, 1974. On August 19, 1974, Overtree moved to set aside the judgment pursuant to Rule 60(b)(1), and he also filed an answer to the complaint. Summons was served upon Overtree by an officer but it appears that the officer did not comply with Rule 4(j), U.R.C.P., which is as follows:

*Time of Service to be Endorsed on Copy.* At the time of service, the person making such service shall endorse upon the copy of the summons left for the person being served, the date upon which the same was served, and shall sign his name thereto, and, if an officer, add his official title.

Failure to comply with the above rule is fatally defective when the defendant appears timely and specially to quash the service.[1]

It is the plaintiffs' contention that Overtree's motion to set aside the judgment by default was not filed within the time allowed by Rule 60(b), the pertinent part of which is as follows:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) when, for any cause, the summons in an action has not been personally served upon the defendant as required by Rule 4(e) and the defendant has failed to appear in said action; (5) the judgment is void; . . . The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than 3 months after the judgment, order, or proceeding was entered or taken. . . .

It may be debatable as to whether or not the motion was timely as it was made more than three months after judgment as required by the rule for the reasons (1) through (4), or whether or not the judgment as entered is void under reason (5). The decision of the court in the case of *Thomas v. District Court*[2] would seem to indicate that the majority considered the judgment to be void. The court below initially ruled that the judgment should be set aside. However, thereafter, on December 8, 1974, after a rehearing, vacated

1. *Thomas v. District Court*, 110 Utah 245, 171 P.2d 667; *Rees v. Scott*, 8 Utah 2d 134, 329 P.2d 877; *Martin v. Nelson*, 533 P.2d 897 (Utah).

2. Supra note 1.

the former order and reinstated the plaintiffs' judgment by default. That order contained the provision which granted to the defendant Overtree leave to file another motion to set aside the plaintiffs' judgment providing it was made within five days. Overtree did within five days file a new motion.

In view of the circumstances of this case and especially those surrounding its disposition, we are of the opinion that the defendants' motion was in fact timely made, and that the default judgment should be set aside and the case proceed to trial on the merits.[3] The order of the court below is reversed. No costs awarded.

ELLETT, CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., dissents.

---

3. *Utah Commercial Bank v. Trumbo*, 17 Utah 198, 208, 53 P. 1033.