[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is a motion to dismiss on the basis that the court lacks jurisdiction over the subject matter and over the defendant. The action was brought by a minor and it was made returnable to court January 25, 1994. The action was not brought by the plaintiff's guardian or next friend. It is clear that a minor can proceed with a civil action only by a guardian, Orsi v. Senatore, 31 Conn. App. 400, (1993); Collins v. York, 159 Conn. 150, 153 (1970),Lametta v. CLP, 139 Conn. 218, 220 (1952), Tulin v.Tulin, 124 Conn. 518, 522 (1938), Cole v. Jerman, 77 Conn. 374,380 (1904); Williams v. Cleaveland, 76 Conn. 426, 431;McCorick v. Kealy, 70 Conn. 642, 646 (1898), Clark v.Turner, 1 Root 200 (1790).
The plaintiff amended the complaint within the thirty day time period but if, as the defendant claims, the complaint is a "nullity," this court would lack jurisdiction over the defendant and the subject matter of this claimed action.
It is difficult to understand how the defendant can claim there is no jurisdiction over the defendant. The plaintiff alleges the summons was in a proper form, process was filed the appropriate time before the return date, service was made by a proper officer and issued by a proper officer. The proper defendant was named and served. There is no real question of jurisdiction over the person. CT Page 6326
The real question is jurisdiction over the subject matter. To properly address this question the purpose behind the rule that a minor may only proceed by a guardian must be understood. It was created to protect the minor since he or she might not know how to prosecute the action for his or her benefit, McCorick v. Kealy, 70 Conn. 642,646 (1898). A minor may sue by a next friend even where the probate appointed guardian disagrees with the decision to bring the action, Williams v. Cleaveland, 65 Conn. 426,432 (1904). The court can remove the so-called next friend if during the course of the litigation it concludes such individual "is not a proper person or fails to properly discharge his (sic) duties." McCorick v. Kealy, 70 Conn. at page 646.
In Collins v. York, 159 Conn. 150, 154 (1970) the court said, "The bringing of the action for the minor without the aid of a prochein amici was, however, an amendable irregularity which could be waived." The court refers to 42 Am.Jur.2d Infants Section 165 where at page 155 it says "ordinarily, the requirement that an infant should sue by a next friend or some other legally authorized person is a matter not of jurisdiction but procedure."
The case of Ballard v. Buist, 333 P.2d 1071 (Vt., 1959) seems on point. A damage action was brought by a minor, it was commenced without a guardian and the attorney signed and issued the process. A guardian ad litem was appointed and made a motion to amend the summons and complaint to show the minor was suing by guardian. The court overruled the objection that the amendment was improper because the court never obtained subject matter jurisdiction. It viewed the matter as a mere irregularity that can be cured by the appointment of a guardian and allowance of an amendment. The court said:
 The protection with which the law cloaks an infant should not be used by others as a weapon against an infant. We, therefore, hold that the fact that the infant appeared as the plaintiff in the summons did not make such summonses void so as to affect the jurisdiction of the court. 333 P.2d at page 1073.
CT Page 6327
The court noted also what is true here, the defendant by the original process knew who the real party in interest was, the name of the court where it had to appear, and the nature of the claim; the defendant suffers no disadvantage by allowing the amendment. Also see Canterbury v. Penn R.Co., 107 N.E.2d 115 (Ohio).
The motion to dismiss is denied.