Harold HODEL, Respondent,

v.

**GUNDLE LINING CONSTRUCTION
CORPORATION, et al.,
Appellants.**

No. C8–97–1602.

Court of Appeals of Minnesota.

Dec. 30, 1997.

Stephen Gabrielson, St. Cloud, for respondent.

Patrick D. Reilly, Gina M. Stanaway, Minneapolis, for appellants.

Considered and decided by CRIPPEN, P.J., and SCHUMACHER and FOLEY, * JJ.

**OPINION**

SCHUMACHER, Judge.

Gundle Lining Corporation and its employee Tongdy Khambath (collectively Gundle) appeal from summary judgment, arguing the district court erred in ruling Gundle was equitably estopped from asserting that the Minnesota Workers' Compensation Act provided the sole remedy for respondent Harold Hodel's injuries. We reverse.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10.

## FACTS

On October 29, 1994, a Gundle vehicle driven by Khambath struck Hodel as he was leaving Gundle's worksite. Hodel claimed injuries from the collision.

Hodel filed a "First Report of Injury" with Gundle. On December 30, 1994, Gundle's workers' compensation carrier denied Hodel's claim, concluding the injury was not work related. Hodel then filed for and received no-fault benefits through Gundle's automobile insurer. Hodel never filed a workers' compensation petition with the Workers' Compensation Division of the Department of Labor and Industry.

After exhausting no-fault benefits, Hodel brought a negligence action against Gundle. Gundle moved for summary judgment, arguing Hodel's injuries were covered by the Minnesota Workers' Compensation Act and that the Act provided Hodel's sole remedy. The district court ruled that Hodel's injuries arose out of and in the course of his employment, and therefore were covered by the Act. Neither Gundle nor Hodel are appealing that decision. The court, however, ruled that Gundle was equitably estopped from asserting the exclusivity provisions of the Act because Gundle initially denied Hodel's workers' compensation claim and Hodel relied on that decision to his detriment. Gundle appeals.

## ISSUE

Is an employer equitably estopped from asserting that the Minnesota Workers' Compensation Act provides an employee's sole remedy because the employer's workers' compensation insurance carrier initially denied coverage for the employee's work-related injuries?

## ANALYSIS

On appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the lower court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The evidence must be viewed in the light most favorable to the non-moving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). A reviewing court is not bound by the district court's decision on a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Hodel argues that where an employer's workers' compensation carrier denies an employee's workers' compensation claim and the employee relies on that denial, the district court may conclude the employer is equitably estopped from later asserting that the Act provides the exclusive remedy. We disagree.

Generally, an employer is liable to pay benefits to an employee for any injury "arising out of and in the course of employment." Minn.Stat. § 176.0210001, subd. 1 (1996). If an employee suffers a personal injury arising out of and in the course of employment, the Act provides the employee's exclusive remedy. Minn.Stat. § 176.031 (1996)0002. Where the Act provides the employee's exclusive remedy, the district courts have no jurisdiction. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 833 (Minn.1995) (citing *Huhn v. Foley Bros.*, 221 Minn. 279, 22 N.W.2d 3 (1946) )(interpreting Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1940)); *see also Sorenson v. Visser*, 558 N.W.2d 773, 775 n. 1 (Minn.App.1997) ("District courts are without subject matter jurisdiction if the employee's exclusive remedy is under the Act.") (citing *McGowan*, 527 N.W.2d at 833).

The record shows Hodel never filed a workers' compensation petition with the Commissioner of Labor and Industry. *See* Minn.Stat. § 176.271, subd. 1 (1996) (all workers' compensation proceedings initiated by filing of written petition with the commissioner). The denial from which Hodel claims he was prejudiced was from Gundle's workers' compensation carrier, not the Commissioner of Labor and Industry. Only a decision by a compensation judge, the Workers' Compensation Court of Appeals, or the Minnesota Supreme Court would have legal significance on the issue of whether Hodel's injury arose out of or in the course of his employment. The denial on that basis by Gundle's workers' compensation carrier was not legally significant. We conclude Gundle

is not estopped from asserting the exclusivity provisions of the Act where Hodel had no legal basis for relying on Gundle's workers' compensation carrier's denial. Hodel may still file a workers' compensation petition.

## DECISION

The district court erred in holding Gundle was estopped from asserting the exclusivity provisions of the Act after ruling Hodel's injuries were covered by the Act. Because Hodel does not challenge on appeal the district court's holding that his injuries were work-related and covered under the Act, we only reverse the equitable estoppel portion of the district court's decision.

**Reversed.**