**Rachel A. BAUER, Appellant,**

v.

**BLACKDUCK AMBULANCE ASSOCIATION, INC., Respondent.**

**No. C8–00–39.**

Court of Appeals of Minnesota.

July 25, 2000.

James W. Balmer, Eric W. Beyer, Falsani, Balmer, Peterson & Quinn, Duluth, for appellant.

Janet Pollish, Pollish & Heisick, Minneapolis, for respondent.

Considered and decided by HARTEN, Presiding Judge, TOUSSAINT, Chief Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Rachel A. Bauer was injured while riding in an ambulance operated by a driver for respondent Blackduck Ambulance Association, Inc. Appellant submitted a workers' compensation claim and collected benefits as an injured employee. She then sued respondent, claiming she was not an employee when she was injured.

Respondent moved for summary judgment, arguing that appellant represented herself to be an employee and, as such, has no tort remedy against her employer. The district court granted the motion. Appellant contends that the court erred because there exists a fact issue as to her employment status.

## FACTS

Rachel Bauer was interested in receiving emergency medical technician (EMT) training through Blackduck Ambulance Association, Inc., where her mother was vice-president and a full-time EMT.

Blackduck agreed in January 1997 to pay Bauer's tuition in return for EMT services. She completed the training but failed the EMT examination. Bauer did not perform EMT services after failing the examination but Blackduck listed her name on its "on-call roster."

On November 26, 1997, Bauer's mother was about to respond as an EMT to a motor vehicle accident when she telephoned Bauer and invited her to come to the scene to see what EMTs do. Bauer went to the accident site and then rode back with her mother in an ambulance that was taking an injured person to the hospital. On the way to the hospital, the ambulance hit a tree and Bauer was injured.

Bauer initiated a workers' compensation claim against Blackduck and its insurer. She signed a retainer agreement with a lawyer, hiring him to "handle and litigate a claim for Workers' Compensation benefits which I have a right to, as a result of my

employment at" Blackduck. In her "First Report of Injury" Bauer was listed as the employee and "Blackduck Ambulance Assoc. Inc." as the place of occurrence. The report indicated that the injury happened on the "employer's premises." Bauer signed other documents pertaining to her workers' compensation claim in which she held herself out as Blackduck's employee. Blackduck's insurer paid Bauer $18,336.60 in workers' compensation benefits.

After collecting workers' compensation benefits, Bauer sued Blackduck in tort for damages caused by the alleged negligence of Blackduck's ambulance driver. Blackduck asserted estoppel as one of its affirmative defenses to Bauer's action.

Blackduck moved for summary judgment, arguing that "Bauer held herself out and represented herself as an employee" and accepted workers' compensation benefits available only to employees. Blackduck contended that the court should rule as a matter of law that Bauer was an employee of Blackduck at the time of her injury.

In opposition to the motion, Bauer argued that she was not an employee, and that she did not realize that she was not entitled to workers' compensation until after she had received all the benefits payable.

The district court granted Blackduck's motion without explanation. Bauer claims on appeal that there exists a genuine fact issue as to whether or not she was an employee of Blackduck when she was injured.

## ISSUE

After holding herself out to be an injured employee and collecting workers' compensation benefits available only to employees, appellant sued respondent in tort for damages from the same injury, claiming that she was not in fact an employee. Is appellant estopped from bringing the tort action?

## ANALYSIS

On appeal from summary judgment, we review the record to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

■ The exclusive remedy for an employee injured during employment is found within the Workers' Compensation Act. Minn.Stat. § 176.031 (1998). *See Hodel v. Gundle Lining Const. Corp.,* 572 N.W.2d 764, 765 (Minn.App.1997) (where act provides an exclusive remedy, courts have no jurisdiction). The act includes volunteer ambulance attendants as employees. Minn.Stat. § 176.011, subd. 9(20) (1998). Caselaw interpreting the workers' compensation act has treated students and trainees who receive employment benefits as employees. *See, e.g., Krause v. Trustees of Hamline Univ.,* 243 Minn. 416, 419, 68 N.W.2d 124, 126 (1955) (student nurses who receive room and board were "employees"); *Judd v. Sanatorium Comm'n,* 227 Minn. 303, 308, 35 N.W.2d 430, 434 (1948) (state university home economics graduate student intern injured during internship course with County Sanatorium Commission held to be employee of commission); and *Pettee v. Noyes,* 133 Minn. 109, 112, 157 N.W. 995, 996 (1916) (apprentice qualifying himself for the operation of an elevator was an employee, despite lack of license to be an operator).

■ Bauer contends that there exists a disputed fact issue about her employment status. But we first address whether her receipt of workers' compensation benefits estops her from challenging her employment status.

Judicial estoppel prevents a party that has taken one position in litigating a particular set of facts from later reversing its position when it is to its advantage to do so. It is intended to protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories. Al-

though the doctrine is not reducible to a pat formula, we have recognized certain boundaries. First, the later position must clearly be inconsistent with the earlier position. Also, the facts at issue should be the same in both cases. Finally, the party to be estopped must have convinced the first court to adopt its position; a litigant is not forever bound to a losing argument.

*Port Authority v. Harstad,* 531 N.W.2d 496, 500 (Minn.App.1995) (quoting *Levinson v. U.S.,* 969 F.2d 260, 264–65 (7th Cir.1992)), *review denied* (Minn. June 14, 1995).

The facts supporting estoppel are undisputed. Bauer had a work history with Blackduck as an EMT trainee and Blackduck continued to list her as an "on-call" worker. She contends, however, that on the day of her injury she was merely an observer and not a trainee. Yet she filed a claim for benefits available only to employees. She accepted periodic payments of benefits for approximately 18 months, impliedly representing that she was an employee entitled to such benefits. When all benefits had been paid under the Workers' Compensation Act, she sued for additional compensation as a nonemployee. We hold that she is judicially estopped from doing so.

## DECISION

■ Because there were indicia of employment and appellant held herself out to be an employee while she collected workers' compensation benefits, she is estopped from bringing a tort action against respondent.

**Affirmed.**